IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00992-RPM

ELISABETH NIETCH,

    Plaintiff,

v.

ALLIED INSURANCE COMPANY d/b/a DEPOSITOR'S INSURANCE COMPANY and RIKKI MOR, individually,

    Defendants.

---

ORDER ON DEFENDANTS' MOTION TO VACATE ORDER FOR REMAND AND RESPONSE TO PLAINTIFF'S MOTION TO REMAND

---

On June 27, 2008, this Court entered its order to remand this civil action to the District Court, Arapahoe County, Colorado. On June 30, 2008, the defendants Allied Insurance Company d/b/a Depositor's Insurance Company and Rikki Mor filed a motion to vacate that order, asserting that the order entered prematurely and that the time to respond to the motion to remand had not expired. The defendants also submitted their response to the plaintiff's motion to remand. Because the defendants are correct that the order entered prematurely, it is now reconsidered and the defendants' response to the motion to remand has been considered. In that response, the defendants assert that 28 U.S.C. § 1332(c)(1) is not applicable to this civil action. Accordingly, to the extent that the motion to remand depends upon that statutory provision, it must be denied. Further, the motion to remand also challenges diversity jurisdiction because Rikki Mor, individually, is a named defendant and a citizen of Colorado. In the notice of removal, the defendants, jointly, asserted that Rikki Mor was joined fraudulently to prevent

diversity jurisdiction. In the notice of removal, the defendants have asserted that the amended complaint does not include any basis for liability of the individual defendant. That is not correct. The plaintiff has not set forth separately identified claims for relief in the amended complaint but has alleged that liability is premised not only on the insurance contract but also under the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* and also outrageous conduct causing severe emotional distress. The Colorado Consumer Protection Act authorizes individual liability of corporate officers and agents. *Hoang v. Arbess,* 80 P.3d 863 (Colo.App. 2003). Such liability is also available for the tort of extreme and outrageous conduct. The defendant insurance company has filed its answer to the amended complaint. The defendant Rikki Mor has not filed a motion to dismiss. The defendants have the burden of proving fraudulent joinder and the defendants' response to the motion to remand does not provide any support for the allegation of fraudulent joinder. On this basis, it is

ORDERED that the motion to vacate the order for remand is granted and it is

FURTHER ORDERED that upon consideration of the defendants' response to plaintiff's motion to remand to state court, the defendants having failed to demonstrate frivolous joinder of the individual defendant Rikki Mor, it is

FURTHER ORDERED that this civil action is remanded to the District Court, Arapahoe County, Colorado.

Dated: July 9th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge